OPINION OF THE COURT
William J. Regan, S.
By reason of the Tax Reform Act of 1976, the petitioners, coexecutors of the estate of the above-named deceased, have requested that this court construe article "third” of the will of the above-named deceased, and determine the legal effect thereof under the present rules of the Internal Revenue Service. It appears that the decedent died on January 24, 1978, leaving him surviving his widow, Ethel F. Buettner, and two children, Joan C. Ward and Donald C. Buettner, the petitioners herein. The last will and testament of the deceased, dated May 3, 1972, was probated in this court on February 17, 1978. The gross estate amounts to approximately *918 $353,113, which includes life insurance and joint assets of approximately $64,000, leaving therefore, a probate estate of approximately $289,180. Under the applicable laws prior to December 31, 1976, the amount of the marital deduction would be approximately $118,310. Petitioners at this time contend that under present law the amount of marital deduction available for the widow should be approximately $191,-754.
Article "third” of the will herein provides as follows:
"third: If my wife, ethel f. buettner, survives me, I give and bequeath to her an amount equal to the maximum amount of the marital deduction allowable to my estate for federal estate tax purposes, less the total value, as finally determined for such tax purposes, of the following (but only to the extent the following are allowable to my estate as a marital deduction for such tax purposes):
"A. The gifts and bequests to my wife under Article second of this Will, and
"B. All interests in property, if any, which pass or have passed from me to her otherwise than pursuant to this Will and which constitute a part of my gross estate for such tax purposes.
"There shall first be used in paying and satisfying the gift and bequest to my wife in this Article only such assets, or the proceeds of such assets, with respect to which a marital deduction would be allowed for federal estate tax purposes if such assets passed from me to my wife. Only if such assets are insufficient to pay and satisfy the said gift and bequest shall any other asset be used.
"Anything herein to the contrary notwithstanding, if my said wife survives me, the bequest to her pursuant to this Article third shall not be less than the sum of One Hundred Thousand Dollars ($100,000.00).”
Petitioners contend that the Tax Reform Bill in question increased the maximum deduction allowed for Federal estate tax purposes to $250,000. This obviously is an error in that the said bill increased the minimum marital deduction to $250,000. Particular reference is made to the three-year transitional rule contained in section 2002 (subd [d], par [1]) of the Public Law 94-455 (see note after US Code, tit 26, § 2056) which provides generally that the $250,000 deduction will not apply to transfers under wills executed before January 1, 1977 *919 which contained marital deduction formula clauses, if the following conditions are met:
1. The decedent dies after 1976 and before 1979;
2. The formula clause provides that the spouse is to receive the maximum amount qualifying for a marital deduction;
3. The formula clause is not amended after 1976 and before the death of the decedent; and
4. The State does not enact a statute construing the formula clause to refer to the minimum marital deduction of $250,000.
The issue in this proceeding, therefore, is whether the enactment of the Tax Reform Act of 1976 affects the marital deduction formula clause contained in a pre-1977 will where the deceased dies after December 31, 1976 and prior to January 1, 1979.
The petitioners’ contention that the testator would not find it necessary to amend his pre-1977 will would hold true only in that situation where the testator dies after 1978. In such cases the marital deduction will be determined under the $250,000 or the 50% rule. In the case at bar, however, by reason of the death of the testator on January 24, 1978, the section clearly states that the tax amendment herein does not apply to the estate of such decedent. It may very well be the intent of a testator under these circumstances not to give more than one half of the estate to the spouse under circumstances where he could have taken advantage of the minimum marital deduction of $250,000 by drawing a new will. It is such an intent that is obviously protected by this transitional rule. In any other case it would do well for attorneys to notify such clients as have drafted pre-1977 wills containing marital deduction formula clauses as to the Tax Reform Act changes to determine if the clients want to take advantage of the new $250,000 minimum in those cases where the 50% deduction would be less than $250,000.
In view of the above, it is the decision of this court that the transitional rule above mentioned specifically exempts this estate from the application of the new tax law changes and that the old law pertaining to marital deduction clauses applies, therefore mandating the executors in this case to claim the marital deduction in favor of the widow in the sum of approximately $118,310.